**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GRACE TOLEDO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>Defendant. | Civil Action No. 1:23-cv-10694 |

# WALMART INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS


Lauren R. Nunez (# 687390)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: 202-624-2500
lnunez@crowell.com

Jason P. Stiehl (*pro hac vice pending*)
Erika A. Dirk (*pro hac vice pending*)
CROWELL & MORING LLP
455 N Cityfront Plaza Dr.
Suite 3600
Chicago IL 60611
Tel: (312) 840-3108
jstiehl@crowell.com
edirk@crowell.com

*Attorneys for Walmart Inc.*

# TABLE OF CONTENTS


BACKGROUND ....... 2

ARGUMENT ....... 3

I. PLAINTIFF DOES NOT ESTABLISH A COGNIZABLE INJURY, REQUIRING DISMISSAL OF THE CASE IN ITS ENTIRETY UNDER RULE 12(B)(1). ....... 4

- A. Plaintiff's Failure to Show an Injury-in-Fact Requires Dismissal of Each Claim. ....... 4
- B. Because Plaintiff Had a Right to Return the Product, She Suffered No Harm. ....... 6
- C. Plaintiff Lacks Standing to Assert Claims on Behalf of Purchasers of Products She Herself Did Not Purchase or Against Walmart for Representations It Did Not Make. ....... 7
- D. Plaintiff's MMWA Claim Should Be Dismissed For Lack of Subject Matter Jurisdiction Under Rule 12(b)(1). ....... 9

II. EVEN IF PLAINTIFF COULD DEMONSTRATE STANDING, HER INADEQUATE PLEADING DOOMS HER CLAIMS UNDER RULE 12(B)(6) ....... 10

- A. Plaintiff Fails to Plead Her Chapter 93A, Fraud, and Fraudulent Omission Claims With the Requisite Particularity and Fails to State a Claim. ....... 10
- B. Plaintiff Cannot Identify Any Actual Injury, Nor Do Freestanding Allegations of FTC Violations Suffice to State a Claim under Chapter 93A. ....... 12
- C. Plaintiff's Common Law Claims Likewise Fail. ....... 15

CONCLUSION ....... 18

Defendant Walmart Inc. ("Walmart") submits the following memorandum in support of its motion to dismiss Plaintiff Grace Toledo's ("Plaintiff") Complaint ("Compl.").

## INTRODUCTION

This is a manufactured lawsuit. Plaintiff spends over 10 pages identifying a litany of products that she believes contain varying, but misleading, representations regarding the presence of bamboo in products sold on either Walmart.com or samsclub.com websites. **Yet, she does not allege she visited these websites or saw these representations, nor did she actually purchase any of these products.** Rather, in a single paragraph, she alleges that she purchased an unknown "pillow Product," on an unknown date in November 2019, without providing any information about the contents of the actual marketing, ingredients, or packaging, other than it stated it was made "with Bamboo." Based on this single paragraph, she asserts six causes of action: (1) violation of the Massachusetts Unfair and Deceptive Business Practices Act (Mass. Gen. Laws Ch. 93A. *et seq.*); (2) violation of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, *et seq.*); (3) unjust enrichment; (4) fraud; (5) fraudulent omission; and (6) breach of express warranty. Given these threadbare allegations about her own experience, Plaintiff does not have standing to bring this suit on her own behalf, let alone for others, under Rule 12(b)(1). Even if she did have standing, she fails to plead that she suffered any actual harm, and further fails to meet the minimum pleading standards for any of her claims under Rule 12(b)(6).

Because no circumstances exist where Plaintiff can establish an injury sufficient to allow her standing, or to state a claim, in federal court, Walmart respectfully requests this Court dismiss this matter with prejudice.

## BACKGROUND

Plaintiff Grace Toledo is a citizen of Massachusetts residing in Boston. Without specifying a name, price, or other identifying information of the alleged product, she claims that in November 2019 she "purchased a pillow Product . . . marketed as being made 'with Bamboo' from a Walmart Supercenter in Avon, Massachusetts." (Compl. ¶ 39). She alleges that the unspecified product she purchased was not made with fibers taken directly from a bamboo plant and was instead made with rayon. *Id.* She further alleges that she "would not have purchased the Product, or would have paid significantly less for the Product, had she known that the Product was not made with bamboo fibers." *Id.* Although the Complaint ostensibly includes two separate theories of alleged deceptions, one concerning the bamboo fiber representations, and one concerning environmental benefit representations, Plaintiff does not identify any alleged environmental claims related to the product she claims to have purchased. (*Id.* ¶¶ 5-17, 39).

Plaintiff additionally lists nine additional products in her Complaint, none of which she claims were sold in the store she shopped in, or that she saw representations about, or that she actually purchased. For these products, unlike the product she actually purchased, she provides detailed internet captures from an unknown time containing their alleged marketing. Plaintiff claims that some may be manufactured and sold by Walmart, whereas others may be hosted by Walmart, but manufactured and marketed by third-party providers ("TPP"). (*Id.* ¶¶ 3). Given the variety of TPPs, it therefore comes as no surprise that each product contains markedly different representations and advertising. For example, she mentions a "non-private label 'Pine & River Chilled Bamboo Cooling Weighted Blanket' and has described the product as '100% Bamboo cooling weighted blanket'" and claimed it is "eco-friendly and sustainable", as compared to a product allegedly sold by Walmart "under its own private label, "No Boundaries – Juniors Eco-Friendly Stripe Tee Shirt," claiming, "For fashion that never goes out of style, go for eco-friendly

products, like this tee shirt. Blend organic cotton with rayon crafted from bamboo and you get a cute and comfy tee that's all about sustainability." (*Id.* ¶¶ 5-9, 12, 13-17).

Based on these allegations, she seeks to represent a class defined as "all consumers who purchased Defendant's textile products that were made with rayon but were marketed as being made with bamboo in the United States," as well as a Massachusetts subclass. (*Id.* ¶¶ 44-45).

## **ARGUMENT**

Each of Plaintiff's claims fails. First, Plaintiff lacks standing under Rule 12(b)(1), both on her own behalf and on that of individuals who allegedly purchased products that she did not purchase. Without more information, neither Walmart nor this Court can analyze whether Plaintiff's "overpayment" theory states a cognizable injury. The likely reason Plaintiff fails to provide such details is that Walmart provides a robust warranty and return product on its purchases, which would moot any injury. Even if she can surmount the Article III hurdle, the Court should hold that Plaintiff lacks standing to bring claims as to the other products identified in the Complaint. They are unrelated products, sold by unknown TPPs, at unknown times, to unknown individuals, for unknown prices. Indeed, most are not even the same type of product. They clearly do not satisfy the "substantially similar" test to be conducted by this Court. Finally, Plaintiff lacks standing to bring the MMWA case of action, as she fails to specifically identify the 100 class members. Because no alternative grounds of federal jurisdiction are pled, the failure of the MMWA count requires dismissal of the entire complaint for lack of federal jurisdiction.

Even if the jurisdictional requirements were satisfied, each of Plaintiff's claims likewise fail to state sufficient facts, warranting dismissal pursuant to Rule 12(b)(6).

## I. PLAINTIFF DOES NOT ESTABLISH A COGNIZABLE INJURY, REQUIRING DISMISSAL OF THE CASE IN ITS ENTIRETY UNDER RULE 12(B)(1).

Standing is a prerequisite to bringing a claim in federal court. Article III of the Constitution restricts the power of federal courts to hear only "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1. Constitutional standing requires a plaintiff to establish that (1) she suffered an injury in fact (2) that was caused by the defendant's conduct and (3) can be redressed by a favorable decision from the federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff bears the burden of plausibly alleging that these requirements are satisfied. *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 731 (1st Cir. 2016). The alleged injury-in-fact must be not only concrete and particularized but also actual or imminent, not merely conjectural or hypothetical. *Van Wagner Bos., LLC v. Davey*, 770 F.3d 33, 37 (1st Cir. 2014). "The particularization element of the injury-in-fact inquiry reflects the commonsense notion that the party asserting standing must not only allege injurious conduct attributable to the defendant but also must allege that he, himself, is among the persons injured by that conduct." *Hochendoner*, 823 F.3d at 731-32.

### A. Plaintiff's Failure to Show an Injury-in-Fact Requires Dismissal of Each Claim.

Plaintiff alleges that she purchased one product, a "pillow Product," but she does not identify the manufacturer, the context of the advertisement, the contents of the product, or even the date she purchased it. For this inquiry, the Court properly ignores the vast majority of the allegations, as they relate to products and representations unrelated to the product allegedly purchased by Plaintiff. She then, in a conclusory fashion, states that she either would not have purchased the product or would have paid less for it, had she known it was not made from bamboo fibers. But without more information, Walmart is left without the requisite notice it needs in order to defend itself in this case. To start, for instance: (1) did Walmart make and advertise this product, or was it made and advertised by a TPP; (2) how much did Plaintiff pay for the product; and (3)

under what theory did she "overpay" to reach the standing threshold? Here, Plaintiff neglects to plead that she paid a premium price for her product due to the fact that the product was represented to contain bamboo or have an environmental benefit.

"While consumer protection statutes may be designed to have a broad reach, Chapter 93A was not meant to authorize purely vicarious suits by self-constituted private attorneys-general." *Rule v. Fort Dodge Animal Health, Inc.*, 604 F. Supp. 2d 288, 304 (D. Mass. 2009), *aff'd,* 607 F.3d 250 (1st Cir. 2010) (internal quotations and citations omitted). In order to demonstrate an injury sufficient to bring suit, plaintiffs are required to show that "the defendants' deceptive act caused some form of compensable loss." *Id.* Plaintiff does not allege she suffered any cognizable injury or compensable loss—indeed, she fails to identify any specific product or a price by which to measure any loss—warranting dismissal of her Complaint in its entirety. *See Wheeler v. Panini Am., Inc.*, No. CV 22-00763 (BAH), 2022 WL 17039208, at *1 (D.D.C. Nov. 17, 2022) (dismissing complaint alleging violations of federal and state consumer protection laws with prejudice for lack of jurisdiction where plaintiff failed to demonstrate an injury). While the bar for standing in this Circuit is a bit lower than others, it still requires that a plaintiff plead a plausible injury based upon an overpayment for consumer protection claims. *See In re Evenflo Co., Inc., Mktg., Sales Pracs. & Prod. Liab. Litig.*, 54 F.4th 28, 39 (1st Cir. 2022) (noting variation in Circuit decisions on standing threshold, but recognizing that for an overpayment allegation, plausibility still required).

Without identifying the product purchased or the price paid, Plaintiff includes no objective measure upon which to base her premium price theory. Accordingly, she fails to demonstrate a cognizable injury. *See Pershouse v. L.L. Bean, Inc.*, 368 F. Supp. 3d 185, 191 (D. Mass. 2019) (no cognizable injury where plaintiff failed to allege an objective measure of the purported

premium); *Austin-Spearman v. AARP Servs. Inc.*, 119 F. Supp. 3d 1, 14 (D.D.C. 2015) (J. Jackson, K.B.) ("[C]onclusory statements regarding a plaintiff's own beliefs and expectations are not sufficient to support an alleged 'overpayment' injury; rather, a plaintiff must allege facts that demonstrate that the breached term was objectively essential to the contract at issue, such that the violation effectively robbed the plaintiff of her payment because what she received was not what the parties agreed she had purchased.").

**B. Because Plaintiff Had a Right to Return the Product, She Suffered No Harm.**

Plaintiff's ability to obtain a refund precludes a finding that she sustained an injury. *See Hardy v. Bed Bath & Beyond, Inc.*, No. 17-22315-CIV, 2018 WL 1272687, at *2 (S.D. Fla. Mar. 9, 2018) (dismissing claim holding that because plaintiff could have received a full refund, "the only injury she actually alleges was essentially mooted."); *accord Hamilton v. Gen. Mills, Inc.*, 2016 WL 4060310, at *5 (D. Or. July 27, 2016) (finding no standing where the defendant tendered a full refund of $15.98) and *Johnson v. Bobcat Co.*, 175 F. Supp. 3d 1130, 1137 (D. Minn. 2016) (collecting cases). Here, the in-store return policy of the store from which Plaintiff claims to have purchased her product, Walmart, is unequivocal: "You have 90 days after purchase to exchange or return an item unless noted in our exceptions. Please provide your store receipt or Walmart.com/Walmart Business order number and we will refund your purchase to the original form of payment." Walmart, https://corporate.walmart.com/policies#return-policy.[1] The policy is listed under a header titled "Not 100% Satisfied? We Are Happy to Help." *Id.*

---

[1] Under Rule 12(b)(1), the court may consider matters outside the face of the complaint that are used to support the movant's claim that the court lacks subject matter jurisdiction. *Ginther v. Comm'r of Ins.*, 427 Mass. 319, 322, 693 N.E.2d 153, 156 (1998) ("In considering subject matter jurisdiction, the judge appropriately considered matters outside the face of the complaint.").

This pleading deficiency alone precludes a finding of any injury in fact required to establish standing to sue. Accordingly, her claims should be dismissed pursuant to Rule 12(b)(1).

### C. Plaintiff Lacks Standing to Assert Claims on Behalf of Purchasers of Products She Herself Did Not Purchase or Against Walmart for Representations It Did Not Make.

While the Complaint describes multiple products, it does not actually allege that Plaintiff purchased any of them, aside from a "pillow Product" around November 2019. (Compl. ¶ 39). But Plaintiff cannot be injured by products she never purchased. Thus, for this additional, independent reason, Plaintiff has not suffered any injury in fact and accordingly has no standing to bring suit. *See Ferrari v. Vitamin Shoppe, Inc.*, No. CV 17-10475-GAO, 2018 WL 1586028, at *2 (D. Mass. Mar. 30, 2018) (dismissing "hypothetical claims" for lack of standing where, "[b]ecause the complaint does not allege that Ferrari ever purchased the Glutamine & BCAA or Glutamine supplements or read and relied on their label statements, he has not alleged that he suffered an actual injury-in-fact.").

While some district courts have held that the question of whether a plaintiff has standing to sue for products not personally purchased can be reserved in the context of a motion for class certification, others have held that, as a matter of law, plaintiffs do not have standing to bring claims for unpurchased products. *See, e.g., Murray v. Sears, Roebuck and Co.*, 2014 WL 563264, at *9 (N.D. Cal. Feb. 12, 2014) ("A plaintiff therefore may not represent a class in bringing CLRA claims based on products that he or she never purchased."); *Granfield v. NVIDIA Corp.*, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012) ("[W]hen a plaintiff asserts claims based both on products that she purchased and products that she did not purchase, claims relating to products not purchased must be dismissed for lack of standing.") (citing cases). The Court should follow this line of case law and end the inquiry there: Plaintiff has not suffered an injury with respect to unpurchased products and so does not have standing.

Should the Court, however, decide to follow the other line of case law, it should still dismiss the claims with respect to the products Plaintiff did not purchase. Under those court's logic, a plaintiff "may have standing to assert claims for unnamed class members based on products he or she did not purchase *so long as the products and alleged misrepresentations are substantially similar*." *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 541 (S.D.N.Y. 2013) (quoting *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012) (emphasis added). If the products are not substantially similar, Plaintiff does not have standing to assert claims as to those products. *Id.*

In determining whether products are substantially similar, courts consider factors such as whether the products are of the same kind, whether they include the same ingredients, and whether they including the same labeling. *See, e.g., Colucci v. ZonePerfect Nutrition Co.*, 2012 WL 6737800, at *4 (N.D. Cal. Dec. 28, 2012) ("[T]he critical inquiry seems to be whether there is sufficient similarity between the products purchased and not purchased. Factors that other courts have considered include whether the challenged products are of the same kind, whether they are comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling."). For example, a sister court in this District in an "All Natural" case found that products were substantially similar where they were all "Blue Diamond Almond milk products, [had] many of the same ingredients including almond milk, and all [were] labeled "All Natural" when they purportedly [were] not." *Vass v. Blue Diamond Growers*, 2015 WL 9901715, at *7 (D. Mass. Aug. 11, 2015).

Were the Court to apply this standard, the litany of products listed in the Complaint clearly do not meet the standard for substantially similar. *See, e.g., Larsen v. Trader Joe's Co.,* C 11–05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012) (denying standing as to unbought crescent

rolls where plaintiff allegedly purchased a wide variety of products, including cookies, apple juice, cinnamon rolls, biscuits, and ricotta cheese); *Dysthe v. Basic Research LLC*, CV 09–8013 AG SSX, 2011 WL 5868307, at *5 (C.D. Cal. June 13, 2011) (denying standing as to an unbought weight-loss pill marketed as "Relacore" where plaintiff bought only "Relacore Extra," which had only minor differences in packaging and ingredients; "[J]ust because an Old Fashioned and a Manhattan both have bourbon doesn't mean they're the same drink."). The list of unpurchased products varies widely, from towel sets, to sheets, to a cooling weighted blanket, to washcloths "for Babies and Adults," with respect to the fiber content allegations (Compl. ¶¶ 6-9), and memory foam pillows, nursing sleep bras, sheets, comforters, and Juniors tee-shirts, with respect to the environmental benefit allegations (*id.* ¶¶ 13-17). Unlike various types of almond milk, these are dramatically different products.

To be clear, the "substantial similarity" analysis "appears to be inconsistent with the basic concept of standing and Walmart strongly urges the Court to follow the former line of cases that so hold, as "[t]he standing requirement extends to each claim and each remedy sought." *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 908-09 (C.D. Cal. 2021) (citing *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)). But even if the Court does decide to engage in the alternate analysis, Plaintiff comes up short. Her claims, to the extent they rely on products not actually purchased by her, should be dismissed.

### D. Plaintiff's MMWA Claim Should Be Dismissed For Lack of Subject Matter Jurisdiction Under Rule 12(b)(1).

Plaintiff fails to meet the MMWA's "additional jurisdictional requirements on plaintiffs who seek to assert their claims in federal court." *Rezendes v. Mitsubishi Motors N. Am., Inc.*, No. 22-CV-10211-AK, 2023 WL 1864405, at *6 (D. Mass. Feb. 9, 2023). Specifically, "[a]n MMWA plaintiff in federal court must bring an individual claim of at least $25, assert a total amount in

controversy of at least $50,000, and if the action is brought as a class action, the number of named plaintiffs must be at least 100." *Id.* (citing 15 U.S.C. § 2310(d)(3)). Here, Plaintiff has not alleged that her individual claim is for at least $25, nor has she named 100 individuals in her Complaint. *See id.* at *7 (explaining, "the MMWA plainly requires a putative class action plaintiff to name at least 100 individuals."). She merely asserts in a conclusory fashion that "there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs . . ." (Compl. ¶ 41). Accordingly, she fails to meet the MMWA's numerosity requirement, and the MMWA claim should be dismissed for lack of subject matter jurisdiction. *See Awalt v. Gen. Motors, LLC*, No. 21-CV-10111-GAO, 2023 WL 2743294, at *5 (D. Mass. Mar. 31, 2023) (dismissing MMWA claim for lack of subject matter jurisdiction where Plaintiff failed to identify 100 plaintiffs).

## II. EVEN IF PLAINTIFF COULD DEMONSTRATE STANDING, HER INADEQUATE PLEADING DOOMS HER CLAIMS UNDER RULE 12(B)(6).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). Mere speculation does not pass the plausibility bar, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and courts owe legal conclusions no deference, *Iqbal*, 556 U.S. at 679. What's more, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### A. Plaintiff Fails to Plead Her Chapter 93A, Fraud, and Fraudulent Omission Claims With the Requisite Particularity and Fails to State a Claim.

Federal Rule of Civil Procedure 9(b) requires parties who allege fraud to "state with particularity the circumstances constituting fraud or mistake." This heightened pleading requirement applies to claims of misrepresentation made pursuant to Chapter 93A. *Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 22 (1st Cir. 2017). To satisfy Rule 9(b), a plaintiff must

allege "the who, what, where, and when of the allegedly [misleading] representation." *Kaufman v. CVS Caremark Corp.*, 836 F.3d 88, 91 (1st Cir. 2016) (quoting *Alt. Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004)) (alteration in original) (internal quotations omitted).

Plaintiff's allegations do not satisfy *any* element of Rule 9(b)'s "who, what, where, and when" requirements, let alone fulfill Rule 8(a)'s fact pleading. Plaintiff merely alleges she purchased a "pillow Product" around November 2019 from a Wal-Mart Superstore in Avon, Massachusetts. (Compl. ¶ 39). She also alleges, "[t]he misrepresentations made by Defendant, upon which Plaintiff and members of the Classes reasonably and justifiably relied, were intended to induce and actually did induce Plaintiff and members of the Classes to purchase Products that they otherwise would not have or at least pay substantially more for the Product than they would have." (Compl. ¶ 93). She does not, however, allege the specific content of any alleged false representation with respect to the exact product she purchased. Instead, her Complaint simply lists products whose descriptions contain the word "bamboo," regardless of the lack of allegations that she purchased a single one of them. Rule 9(b) requires more that conclusory allegations, and her Chapter 93A claim is thus deficient under the heightened pleading standard. *Engren v. Johnson & Johnson, Inc.*, No. CV 21-10333-RGS, 2021 WL 4255296, at *6 (D. Mass. Sept. 17, 2021) (dismissing Chapter 93A claim, explaining the claim was deficient under the heightened pleading standard).

In a similar case against a retailer, *Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17 (1st Cir. 2017), a plaintiff filed suit alleging Kohl's violated Massachusetts statutory and common law by attaching price tags to products that listed both the purchase price and significantly higher comparison prices. There, the plaintiff alleged she purchased two items from a "a Kohl's store in

Hingham, Massachusetts" in 2014. *Id.* at 12. She alleged that one item she purchased was listed for $55 and one was listed for $26, and they were listed as being on sale for $29.99 and $17.99, respectively. *Id.* In affirming the dismissal of the complaint in its entirety, the First Circuit held that Plaintiff failed to meet Rule 9(b)'s heightened pleading standard, explaining that "Mulder's claim that she was 'induced' to travel to Kohl's by its 'advertising in general' and its 'reputation' of 'amazing prices' is too vague to satisfy Rule 9(b), which requires plaintiffs to specifically plead 'the time, place, and content of an alleged false representation.'" *Id.*

Here, where Plaintiff fails to even allege the bare facts the First Circuit found insufficient in *Mulder* regarding the place of purchase and prices, her Chapter 93A, fraud, and fraudulent omission claims thus fail.

### B. Plaintiff Cannot Identify Any Actual Injury, Nor Do Freestanding Allegations of FTC Violations Suffice to State a Claim under Chapter 93A.

In *Davis v. Passman*, 442 U.S. 228, 239 n. 18, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979), the Supreme Court noted that the question of whether a plaintiff has standing to bring suit, and thus whether the court has jurisdiction to hear the controversy, is separate from the question of whether a plaintiff has a cause of action, and that constitutional standing may exist even where a cause of action does not. Even if the Court finds that Plaintiff has adequately pleaded an injury by Article III's standards, she still fails to state a claim. Plaintiff states no cognizable injury, so she is unable to sustain her claim under Chapter 93A. To state a claim under Chapter 93A, a plaintiff must allege that the defendant used "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Slawsby v. Champion Petfoods USA, Inc.*, No. CV 18-10701-GAO, 2023 WL 2647065, at *2 (D. Mass. Mar. 27, 2023). Plaintiff relies heavily on allegations regarding FTC violations to prop up her claims. But the case law is clear that, regardless of any allegedly deceptive statements a defendant may have made, the plaintiff

must herself have a cognizable injury that *resulted* from those alleged deceptions. *See Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 10 (1st Cir. 2017); *Hershenow v. Enter. Rent-A-Car Co. Of Bos., Inc.*, 445 Mass. 790, 798, 840 N.E.2d 526, 533 (2006) ("But a plaintiff seeking a remedy under G.L. c. 93A, § 9, must demonstrate that even a per se deception caused a loss.").

In *Shaulis*—a "case about a sweater with a controversial price tag"—the plaintiff purchased a sweater for $49.97 at a Nordstrom Rack store. *Id.* at 4. The sweater's price tag listed both the purchase price of $49.97 and a "Compare At" price of $218, and the plaintiff brought suit alleging Nordstrom used these tags to mislead customers about the quality of the products. *Id.* The district court (*Shaulis I*) dismissed her claims, and the First Circuit (*Shaulis II*) affirmed the dismissal, holding she failed to plead a legally cognizable injury. As the court explained, "[t]he flaw in Shaulis's theory of injury—that the mere purchase of an item may constitute cognizable injury, regardless of the item's specific qualities—is that it merges the alleged deception with the injury ... [and] [s]uch a purchase-as-injury claim ... attempt[s] to plead an assertion about a consumer's disappointed expectations of value in place of an allegation of real economic loss." *Id.* at 11. Mere purchase of an item or conclusory allegations of overpayment, therefore, are not cognizable injuries. *Id.* at 11; *see also id.* at 12 ("[C]laims of injury premised on 'overpayment' for a product, or a loss of the benefit of the bargain, require an objective measure against which the plaintiff's allegations may be evaluated.").

In order to plead her Chapter 93A claim under a theory of deception, Plaintiff "must allege not only that a deception occurred, but also that the deception caused some kind of objective consequent injury distinct from the deception itself." *Slawsby*, 2023 WL 2647065, at *2. Put differently, Plaintiff is required to demonstrate a "separate, identifiable harm arising from the violation itself" that bears a causal connection to the unfair or deceptive act. *Ferreira v. Sterling*

*Jewelers, Inc.*, 130 F. Supp. 3d 471, 478 (D. Mass. 2015) (citing *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 502, 984 N.E.2d 737, 744 (2013)). A per se violation alone—that is, simply proving that Walmart violated the FTC regulations—is not enough to prevail. *Id.*; *see also Bezdek v. Vibram USA Inc.*, No. 12–10513–DPW, 2013 WL 639145, at *5 (D. Mass. Feb. 20, 2013) (observing that the Supreme Judicial Court has "disavowed the notion that deceptive advertising constitutes per se injury on consumers who purchase the product"); *see Barron v. NCMIC Ins. Co.*, No. 17-cv-11969-ADB, 2018 WL 2089357, at *5 (D. Mass. May 4, 2018) (explaining that "[v]iolations of state regulations that constitute per se unfair or deceptive practices under Chapter 93A do not, without more, establish injury under Chapter 93A"). Chapter 93A recognizes injuries such as "a readily quantifiable loss of money or property," "measurable emotional distress," or "an invasion of the consumer's personal privacy causing injury or harm worth more than a penny." *Tyler*, 984 N.E.2d at 746 n.20. Plaintiff must establish she was denied some tangible benefit of the bargain, as opposed to a "subjectively perceived or never-realized injury." *Slawsby*, 2023 WL 2647065, at *2.

Plaintiff alleges she "would not have purchased the Product, or would have paid significantly less for the Product, had she known that the Product was not made with bamboo fibers." (Compl. ¶ 39). This is insufficient to demonstrate a cognizable injury.[2] *See Ferreira*, 130 F. Supp. 3d at 479–80 (rejecting claimed premium price theory where the plaintiff offered only conclusory allegations and her own subjective view that she was misled into paying more for an emerald she believed was a natural untreated gemstone); *Shaulis II*, 865 F.3d at 13 ("[N]ot only have Massachusetts courts declined to find injury under Chapter 93A where the plaintiff relies

---

[2] Moreover, as Plaintiff notes, certain products include the phrase "rayon crafted from bamboo," which is factually accurate and therefore incapable of forming the basis of deception. (Compl. ¶ 17).

entirely on her subjective belief as to the value received, but federal courts also have routinely rejected claims of injury under Chapter 93A that were not grounded in any objective measure."); *Slawsby*, 2023 WL 2647065, at *1 (no cognizable injury where plaintiff alleged she was "injured economically because she paid a premium price for the pet foods and would not have purchased them if she had known they contained the objectionable substances"); *Keenan v. Wells Fargo Bank, N.A.*, 246 F. Supp. 3d 518, 527 (D. Mass. 2017) ("Plaintiff's vague assertions of economic damages do not 'raise a right to relief above the speculative level'") (citing *Twombly*, 550 U.S. at 555).

Since Plaintiff has failed to show she has been injured, her Chapter 93A claim should be dismissed. *Shaulis I*, 120 F. Supp. 3d at 52–53 ("In summary, the complaint fails to plead a cause of action under Chapter 93A, based on the absence of a cognizable injury.").

### C. Plaintiff's Common Law Claims Likewise Fail.

Plaintiff's express warranty, fraud, fraudulent omission, and unjust enrichment claims should be dismissed.

#### 1. Plaintiff's Failure to Plead Actual Representation or Reliance Requires Dismissal of Her Express Warranty Claim.

"Under Massachusetts law . . . an express warranty in a contract is a promise of a particular standard of performance, and it imposes on the warrantor an obligation to fulfill the promise made." *Sparks v. Fid. Nat'l Title Ins. Co.*, 294 F.3d 259, 272 (1st Cir. 2002). "To establish a breach of express warranty claim ... the plaintiff must demonstrate that the express warranty constituted a basis of the bargain between the seller and the buyer." *Sebago, Inc. v. Beazer East, Inc.*, 18 F. Supp. 2d 70, 102 (D. Mass. 1998). In so doing, the plaintiff must "prove that statements or representations made by the seller induced [her] to purchase the good and that [s]he relied on

those statements or representations." *LePage v. E-One, Inc.*, 4 F. Supp. 3d 298, 312-313 (D. Mass. 2014).

Plaintiff has not sufficiently alleged that she relied on a representation as to any product's fiber content or environmental benefit as the basis of the bargain because she does not even specify which product she purchased. She refers only to a "pillow Product," without alleging what representations Walmart or any third-party vendor ostensibly made. This lack of alleged reliance is fatal to her warranty claim, and it should be dismissed.[3]

**2. Plaintiff Fails to State a Claim as to Fraud or Fraudulent Omission.**

For the reasons discussed in Section II.A, Plaintiff falls far short of Rule 9(b)'s heightened pleading standard. Moreover, her fraud claims fail substantively. With respect to her fraud and fraudulent omission claims, to establish fraud, a plaintiff "must show that the defendant [1] 'made a false representation of a material fact [2] with knowledge of its falsity [3] for the purpose of inducing the plaintiff to act thereon, and [4] that the plaintiff reasonably relied upon the representation as true and acted upon it [5] to [her] damage.'" *Shaulis I*, 120 F. Supp. 3d at 54 (quoting *Eureka Broadband Corp. v. Wentworth Leasing Corp.,* 400 F.3d 62, 68 (1st Cir. 2005)). She cannot meet the substantive elements of these claims. Not only does Plaintiff fail to meet Rule 9(b)'s pleading standard, but she fails to point to a single false misrepresentation of a material fact that she relied upon—she does not even allege which product she purchased. Her Complaint is defective as to her common-law fraud claims and should be dismissed.

[3] The MMWA claim fails along with the breach of express warranty claim. *Pershouse*, 368 F. Supp. 3d at 192 (dismissing MMWA claim because complaint failed to state a plausible claim for breach of express warranty under state law).

### 3. Plaintiff's Unjust Enrichment Claim Is Duplicative of the Chapter 93A Claim and Fails for the Same Reasons.

Furthermore, her unjust enrichment claim fails because it is duplicative of her Chapter 93A claim, which would provide her an adequate remedy at law. *See Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 84 (1st Cir. 2020) (explaining "unjust enrichment claims must be dismissed because an adequate remedy at law was undoubtedly available to her through Chapter 93A.").

In any event, Plaintiff fails to state a claim for unjust enrichment. Unjust enrichment is defined as the "retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Santagate v. Tower,* 64 Mass. App. Ct. 324, 329, 833 N.E.2d 171 (2005). To succeed on a claim for unjust enrichment, a plaintiff must show (1) a benefit conferred upon defendant by plaintiff, (2) an appreciation or knowledge by defendant of the benefit, and (3) that acceptance or retention of the benefit under the circumstances would be inequitable without payment for its value. *Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.,* 552 F.3d 47, 57 (1st Cir. 2009); *see also Shaulis I*, 120 F. Supp. 3d at 55 (dismissing unjust enrichment claim).

The Complaint alleges, "Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class and Subclass Members' purchases of the Products." (Compl. ¶ 86). According to Plaintiff, "Retention of those moneys under these circumstances is unjust and inequitable because Defendant falsely claimed that each of the Products were made with "bamboo," which reasonable consumers interpret to mean "bamboo fibers." *Id.* The Complaint does not allege that Walmart retained a benefit that would be inequitable without payment for its value. A conclusory allegation that Walmart "has been unjustly enriched" does not suffice to state a claim.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in its entirety.

Dated: May 22, 2023

*/s/ Lauren R. Nunez*

Lauren R. Nunez (# 687390)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: 202-624-2500
lnunez@crowell.com

Jason P. Stiehl
Erika A. Dirk
CROWELL & MORING LLP
455 N Cityfront Plaza Dr.
Suite 3600
Chicago IL 60611
Tel: (312) 840-3108
jstiehl@crowell.com
edirk@crowell.com

*Attorneys for Walmart Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that on May 22, 2023, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court for the District of Massachusetts via the Court's CM/ECF system.

*/s/ Lauren R. Nunez*